## COLORADO MILLING & ELEVATOR CO. v. AMERICAN CYANAMID CO. et al.

### No. 6157.

United States District Court
W. D. Missouri, W. D.

March 15, 1952.

See also, D.C., 11 F.R.D. 580.

340

Harold J. Toner and Sprinkle, Knowles & Carter, all of Kansas City, Mo., for plaintiff.

Watson, Ess, Whittaker, Marshall & Enggas, Tucker, Murphy, Wilson & Siddens and Swofford, Schroeder & Shankland, all of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The above motion was filed on February 25, 1952. The case is docketed for trial on April 14th. Counsel on both sides have extensively briefed their several contentions on this motion. Such briefs have been examined together with the motion and its contents. Each of the parties has undertaken to construe the meaning of Rules 34 and 45, Federal Rules of Civil Procedure, 28 U.S.C.A.

It is contended by plaintiff's counsel that Rule 34 imposes upon the movant the duty to show good cause why documents mentioned should be produced. And counsel contend that some showing should be made in respect of same in Rule 45.

On the other hand it is the belief of counsel for the defendant that the provisions of Rule 45 places upon the one subpoenaed the responsibility to show that the subpoena is unreasonable and oppressive.

The foregoing should be answered by the court by saying that judges should never make orders on motions of the kind under consideration except that it may appear that the requests are reasonable and would not unduly burden the one to whom the subpoena is addressed. To this extent the duty devolves upon the movant to show with reasonable clarity the propriety of the motion and the reasonableness of the request made.

In this motion there are paragraphs numbered 4 to 30 inclusive, 27 paragraphs in all, each one calls for the production of extensive and not clearly defined records. It is to be reasonably inferred that many of the records called for involve matters that should be excluded, much of the matter sought is data and information acquired in preparation for trial, and matter to be used in the trial, or as advisory as to what ought properly to be done.

In cases where competent evidence is commingled with incompetent evidence the burden is upon the one seeking such evidence to winnow out or point out the specific matter to which the movant is entitled. Furthermore, the request of this motion should be placed in the category of unreasonable and oppressive requests.

A critical examination of the motion reveals that paragraph 9 should be treated as proper and the plaintiff should produce copies of proofs of loss made in connection with the fire in controversy. This is the only paragraph wherein the defendant calls for information or documents that should be approved or sustained by the court.

Accordingly, the motion should be and will be overruled as to all paragraphs save as to paragraph 9, and it will be so ordered.